IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

5:12-HC-2259-FL
5:12-HC-2271-FL
5:12-HC-2288-FL

| | |
|---|---|
| DANIEL H. KING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| JUSTIN ANDREWS, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on respondent's motion to dismiss (DE 15) pursuant to Federal Rule of Civil Procedure 12(b)(6). The issues raised have been fully briefed and are ripe for adjudication. For the foregoing reasons, the court grants respondent's motion.

## BACKGROUND

On January 19, 2010, the government filed a certification of petitioner as a sexually dangerous person pursuant to 18 U.S.C. § 4248(a) while petitioner was serving a twelve (12) to thirty-six (36) year term of imprisonment for his conviction for armed kidnaping in the District of Columbia Superior Court. See United States of America v. King, 5:10-HC-2009-FL (E.D.N.C. Sept. 25, 2012). Title 18 U.S.C. § 4248 was enacted in July 2006 as part of the Adam Walsh Child Protection and Safety Act and provides for the civil commitment of "sexually dangerous person[s]" in federal custody for care and treatment, following the expiration of their federal prison sentences. 18 U.S.C. § 4248(a); see also Timms v. Johns, 627 F.3d 525, 526 (4th Cir. 2010).

The court referred petitioner's action to United States Magistrate Judge James E. Gates for an evidentiary hearing and memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). See United States of America v. King, 5:10-HC-2009-FL (E.D.N.C. Sept. 25, 2012). Judge Gates conducted an evidentiary hearing and determined that petitioner was a sexually dangerous person as defined by the Adam Walsh Act, and recommended that he be civilly committed pursuant to 18 U.S.C. § 4248(d). On September 25, 2012, the court adopted the magistrate judge's recommendation, finding petitioner to be a sexually dangerous person and committed him pursuant to18 U.S.C. § 4248. See United States of America v. King, 5:10-HC-2009-FL (E.D.N.C. Sept. 25, 2012).

On October 23, 2012, petitioner filed a notice of appeal to the Fourth Circuit Court of Appeals. Petitioner subsequently filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), which was dismissed for lack of jurisdiction on June 18, 2013. Then, on September 16, 2013, the court of appeals affirmed the court's judgment civilly committing petitioner.

On October 4, 2013, petitioner filed a second motion for relief from judgment pursuant to Rule 60(b), alleging that the BOP did not have authority to initiate proceedings pursuant to § 4248 against him because he was not convicted or charged with a federal offense and because he was a District of Columbia Code offender ("D.C. Code offender"). The court subsequently denied petitioner's Rule 60(b) motion.

In the interim, petitioner filed three separate petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his § 4248 commitment. See King v. Andrews, 5:12-HC-2259-FL (E.D.N.C. filed Oct. 15, 2012); King v. Andrews, 5:12-HC-2271-FL (E.D.N.C. filed Oct. 29, 2012);

and King v. Andrews, 12-HC-2288 (filed Nov. 15, 2012). On February 15, 2013, the court consolidated petitioner's three actions and designated King v. Andrews, 5:12-HC-2259-FL (E.D.N.C. filed Oct. 15, 2012), as the lead case. Petitioner alleges that the psychological evaluation process utilized in the § 4248 proceedings violates the Due Process Clause of the Fifth Amendment to the United States Constitution.[1] Petitioner also alleges that the BOP did not have authority to initiate § 4248 proceedings against him because he was never charged with a federal sex offense and because he is a D.C. Code offender.

On June 13, 2013, respondent filed a motion to dismiss, arguing that petitioner's petition should be dismissed because petitioner failed to state a claim upon which relief may be granted. The motion was fully briefed.

**DISCUSSION**

A.   Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the petitioner," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further

---

[1] Petitioner states, in his response to respondent's motion to dismiss, that he does not challenge the authority or the legality of the § 4248 statute and that he is not utilizing the habeas corpus process to appeal his § 4248 petition. Resp. p. 1.

factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotations omitted).

B.  Analysis

   1.  Challenge to Psychological Evaluation Procedures

Pursuant to 28 U.S.C. § 2241, a federal court may issue a writ of habeas corpus to a federal or state prisoner if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). Petitioner, in this case, contends that the psychological evaluation procedure used for civil commitment proceedings violates the Due Process Clause of the Fifth Amendment to the United States Constitution.

The civil commitment process impacts an individual's due process rights. In particular, "because an adverse result in a commitment hearing results in a substantial curtailing of [a person's] liberty," whether the respondent is already a prisoner or not, the Supreme Court has held that "procedural due process does guarantee certain protections to civil commitment respondents." United States v. Baker, 45 F.3d 837, 843 (4th Cir.1995) (internal citations omitted) (discussing due process in the context of § 4246 civil commitment); see also Addington v. Texas, 441 U.S. 418, 425 (1979) ("[The Supreme] Court repeatedly has recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection.") In Vitek v. Jones, 445 U.S. 480 (1980), the Supreme Court held that, in the context of an involuntary civil

4

commitment, due process requires "notice . . . to afford the prisoner an opportunity to challenge the contemplated action and to understand the nature of what is happening to him," a hearing with a "limit[ed] . . . right to call witnesses, to confront and cross examine[,]" and appointment of counsel. Id. at 496–97; accord Timms, 664 F.3d at 450.

Title 18 U.S.C. § 4248(b) provides in pertinent part: "Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." Section 4247(b) provides: "A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds appropriate, by more than one such examiner." The information to be included in any psychiatric or psychological report prepared is established by section 4247(c).

In the case at hand, petitioner does not allege that the court failed to comply with the procedures for psychiatric evaluation set forth in §§ 4247 and 4248. Rather, petitioner asserts that statutory procedures "under 18 U.S.C. 4248 are not 'sufficient' or 'thorough' enough to deprive any individual of their liberty." King v. Andrews, 5:12-HC-2259-FL (DE 1, p. 3.) (E.D.N.C. Oct. 15, 2012). The United States Supreme Court, however, has determined that the statutory scheme set forth in § 4248 is constitutional. See United States v. Comstock, 560 U.S. 126, 149-150 (2010). Because the retention of experts in this action was authorized by the court and statute, and because the Supreme Court has upheld § 4248 as constitutional, the court finds that petitioner fails to state a due process claim.

Petitioner additionally asserts that "[t]he reviewing of criminal files by Psychologist/Psychiatrist prior to conducting 'interviews' or 'testing', is inappropriate because it

5

creates and causes 'prejudicial' and 'biased' thinking." King v. Andrews, 5:12-HC-2259-FL (DE 1, p. 3) (E.D.N.C. Oct. 15, 2012). There is no requirement, statutory or otherwise, requiring an evaluator to conduct an evaluation pursuant to 18 U.S.C. §§ 4247 and 4248 face to face. Further, petitioner was free to raise this issue during his § 4248 hearing and on appeal. Based upon the foregoing, the court finds no due process violation.

   2.   Remaining Claims

The court now turns to petitioner's claim that the BOP did not have the authority to initiate § 4248 proceedings against him because he was not a federal inmate and because he was a D.C. Code offender and not a federal inmate. The record reflects that petitioner raised these identical claims before the court in his Rule 60(b) motion in United States of America v. King, 5:10-HC-2009-FL (E.D.N.C. Dec. 5, 2013), which this court denied on December 5, 2013. For the reasons set forth in the court's December 5, 2013, order, the court finds that petitioner's claims are meritless. The court further finds that petitioner has not demonstrated that he is "in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241(c)(3). Thus, respondent's motion to dismiss is GRANTED as to these claims.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE 15) is GRANTED. The Clerk of Court is DIRECTED to close these consolidated cases.

SO ORDERED, this the 5th day of March, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge